UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH M. EVANS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-00949 (UNA) |
| AMY ZUBRENSKY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case for the reasons explained herein.

The complaint is not a model in clarity. Plaintiff seemingly challenges criminal charges and/or a conviction against him, from 2012, in the Superior Court of the District of Columbia, alleging that there was an absence of direct evidence and that he had an alibi. He sues the Assistant United States Attorney who, presumably, prosecuted him.[1] He demands $380 million for alleged violations of his First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, because he believes that the DNA evidence introduced at his proceedings was "fraudulently set up to incriminate the plaintiff."

---

[1] The named defendant is also generally immune from suit. "[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

First, insofar as plaintiff is mounting a challenge to his Superior Court conviction or sentence, this Court is without jurisdiction to adjudicate the claim. "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-1 l0(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*," id.* § 23-1 l0(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-1 l0(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-1 l0(a).").

With respect to plaintiff's demand for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Therefore, because there is no indication that any verdicts have been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

For these reasons, the Court dismisses the complaint, ECF No. 1. An order consistent with this memorandum opinion is issued separately.

Date: May 3, 2022

/s/
TIMOTHY J. KELLY
United States District Judge